1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Erica Bianco, State Bar No. 254988
   E-Mail: ebianco@hurrellcantrall.com
3  Neda Mohammadzadeh, State Bar No. 313623
   E-Mail: nmzadeh@hurrellcantrall.com
4  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
5  Los Angeles, California 90071
   Telephone: (213) 426-2000
6  Facsimile: (213) 426-2020

7  Attorneys for Defendant MARTIN ROBLES and RYAN LEE

8
9                    **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11
12  CATHERINE WALKER, et al.,          CASE NO. 2:19-cv-01064-SVW (ASx)

            Plaintiffs,                Related With Case No.:
13                                     2:19-cv-06113-SVW (ASx)

        v.                            **DEFENDANTS SERGEANT RYAN**
14                                     **LEE'S AND OFFICER MARTIN**
    CITY OF LOS ANGELES, et al.,       **ROBLES' ANSWER TO**
15                                     **PLAINTIFFS' FIRST AMENDED**
            Defendant.                 **COMPLAINT; DEMAND FOR**
16  _____        **JURY TRIAL**

17  AND RELATED CASES                  Assigned to Hon. Stephen V. Wilson,
                                       Courtroom "10A"
18  _____

19                                     Trial Date:          9/24/19

20

21  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

22          Defendants RYAN LEE and MARTIN ROBLES (hereinafter referred to as

23  "Defendants") for themselves alone and for no other persons, entities, firms or

24  corporations, hereby answer to Plaintiffs CATHERINE WALKER and QUINTUS

25  MOORE's (hereinafter referred to as "Plaintiffs") First Amended Complaint

26  ("FAC") as follows:

27              **FIRST AMENDED COMPLAINT FOR DAMAGES**

28          1.      Answering paragraph number 1 of Plaintiffs' FAC (under the header

*(left margin, vertical text)* HURRELL CANTRALL LLP   300 SOUTH GRAND AVENUE, SUITE 1300   LOS ANGELES, CALIFORNIA 90071   TELEPHONE (213) 426-2000

1    "First Amended Complaint For Damages"), Defendants acknowledge that Plaintiffs
2    bring this action against the answering Defendants, defendant CITY OF LOS
3    ANGELES (hereinafter referred to as "Defendant City"), and DOES 1-30, whose
4    identities are not know at this time.

## INTRODUCTION

6    2.    Answering paragraph number 2 of Plaintiffs' FAC (under the header
7    "Introduction"), Defendants admit that Plaintiffs seek compensatory and punitive
8    damages for alleged violations of various rights under the United States Constitution
9    and state law. Defendants deny they violated any of Plaintiffs' rights afforded under
10   the United States Constitution or state law. Defendants further deny that Plaintiffs
11   are entitled to any relief. Except for those allegations admitted, the answering
12   Defendants deny the remaining allegations for lack of information and belief.

## PARTIES

14   3.    Answering paragraph number 3 of Plaintiffs' FAC (under the header
15   "Parties"), Defendants do not have sufficient knowledge, information, or belief to
16   enable Defendants to answer the allegations contained within such paragraph, as
17   stated, and on those grounds deny generally and specifically each and every of the
18   allegations contained therein.

19   4.    Answering paragraph number 4 of Plaintiffs' FAC (under the header
20   "Parties"), Defendants do not have sufficient knowledge, information, or belief to
21   enable Defendants to answer the allegations contained within such paragraph, as
22   stated, and on those grounds deny generally and specifically each and every of the
23   allegations contained therein.

24   5.    Answering paragraph number 5 of Plaintiffs' FAC (under the header
25   "Parties"), Defendants do not have sufficient knowledge, information, or belief to
26   enable Defendants to answer the allegations contained within such paragraph, as
27   stated, and on those grounds deny generally and specifically each and every of the
28   allegations contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

6. Answering paragraph number 6 of Plaintiffs' FAC (under the header "Parties"), Defendants admit that Defendant CITY was the employer of the answering Defendants at the time of the subject incident. As to all other allegations, Defendants do not have sufficient knowledge, information, or belief to enable Defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

7. Answering paragraph number 7 of plaintiffs' FAC (under the header "Parties"), Defendants admit that they were police officers employed by Defendant City at the time of the subject incident. As to all other allegations, Defendants do not have sufficient knowledge, information, or belief to enable Defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

8. Answering paragraph number 8 of Plaintiffs' FAC (under the header "Parties"), Defendants do not have sufficient knowledge, information, or belief to enable Defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

9. Answering paragraph number 9 of Plaintiffs' FAC (under the header "Parties"), Defendants do not have sufficient knowledge, information, or belief to enable Defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

10. Answering paragraph number 10 of Plaintiffs' FAC (under the header "Parties"), Defendants do not have sufficient knowledge, information, or belief to enable Defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1    11.    Answering paragraph number 11 of Plaintiffs' FAC (under the header

2    "Parties"), Defendants do not have sufficient knowledge, information, or belief to

3    enable Defendants to answer the allegations contained within such paragraph, as

4    stated, and on those grounds deny generally and specifically each and every of the

5    allegations contained therein.

6    12.    Answering paragraph number 12 of Plaintiffs' FAC (under the header

7    "Parties"), Defendants do not have sufficient knowledge, information, or belief to

8    enable Defendants to answer the allegations contained within such paragraph, as

9    stated, and on those grounds deny generally and specifically each and every of the

10    allegations contained therein.

11    ### (MIS-NUMBERED FROM 13 – 51)

12    ### JURISDICTION AND VENUE

13    13.    Answering paragraph number 1 of Plaintiffs' FAC (under the header

14    "Jurisdiction and Venue"), Defendants acknowledge that Plaintiffs allege violations

15    of various laws of the State of California and under the United States Constitution.

16    Defendants further admit that Plaintiffs seek wrongful death damages for these

17    alleged violations. As to the remaining allegations, Defendants do not have

18    sufficient knowledge, information, or belief to enable Defendants to answer the

19    allegations contained within such paragraph, as stated, and on those grounds deny

20    generally and specifically each and every of the allegations contained therein.

21    14.    Answering paragraph number 2 of Plaintiffs' FAC (under the header

22    "Jurisdiction and Venue"), Defendants admit that venue is proper.

23    15.    Answering paragraph number 13 of Plaintiffs' FAC (under the header

24    "Jurisdiction and Venue"), Defendants admit that Plaintiffs filed a timely claim for

25    damages pursuant to the applicable sections of the California *Government Code* on

26    September 21, 2018.

27    16.    Answering paragraph number 14 of Plaintiffs' FAC (under the header

28    "Jurisdiction and Venue"), Defendants admit that Plaintiffs' claim for damages was

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  denied on October 9, 2018.

2  <u>**FACTS COMMON TO ALL CLAIMS FOR RELIEF**</u>

3  17.  Answering paragraph number 15 of Plaintiffs' FAC (under the header

4  "Facts Common To All Claims For Relief"), this paragraph realleges and

5  incorporates Plaintiffs' allegations in the preceding paragraphs. Accordingly, in

6  response to this paragraph, Defendants incorporate by reference here Defendants'

7  answers to each of the corresponding and aforementioned allegations and/or

8  paragraphs of Plaintiffs' FAC.  To the extent that this paragraph alleges specific

9  facts not otherwise incorporated herein above, Defendants do not have sufficient

10  knowledge, or information or belief, to enable Defendants to answer the remaining

11  allegations contained within such paragraph, and on those grounds deny generally

12  and specifically each and every of the remaining allegations contained therein.

13  18.  Answering paragraph number 16 of Plaintiffs' FAC (under the header

14  "Facts Common To All Claims For Relief"), Defendants admit that Grechario Mack

15  ("decedent") was inside the Baldwin Hills Crenshaw Plaza, located on the 3600

16  block of Martin Luther King Jr. Blvd., in Los Angeles, California at the time of the

17  subject incident. As to all other allegations in this paragraph, at present, Defendants

18  do not have sufficient knowledge, or information or belief, to enable Defendants to

19  answer the remaining allegations contained within such paragraph, as stated, and on

20  those grounds deny generally and specifically each and every of the remaining

21  allegations contained therein.

22  19.  Answering paragraph number 17 of Plaintiffs' FAC (under the header

23  "Facts Common To All Claims For Relief"), as to any allegations regarding the

24  underlying incident at issue in Plaintiffs' claims, Defendants deny that they engaged

25  in any unlawful acts or omissions or misconduct involving Plaintiffs and Defendants

26  deny all liability to Plaintiffs.   As to the remaining allegations in this paragraph, at

27  present, Defendants do not have sufficient knowledge, or information or belief, to

28  enable Defendants to answer the remaining allegations contained within such

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-5-

1  paragraph, as stated, and on those grounds deny generally and specifically each and
2  every of the remaining allegations contained therein.

3      20.   Answering paragraph number 18 of Plaintiffs' FAC (under the header
4  "Facts Common To All Claims For Relief"), as to any allegations regarding the
5  underlying incident at issue in Plaintiffs' claims, Defendants deny that they engaged
6  in any unlawful acts or omissions or misconduct involving Plaintiffs and Defendants
7  deny all liability to Plaintiffs.   As to the remaining allegations in this paragraph, at
8  present, Defendants do not have sufficient knowledge, or information or belief, to
9  enable Defendants to answer the remaining allegations contained within such
10  paragraph, as stated, and on those grounds deny generally and specifically each and
11  every of the remaining allegations contained therein.

12      21.   Answering paragraph number 19 of Plaintiffs' FAC (under the header
13  "Facts Common To All Claims For Relief"), as to any allegations regarding the
14  underlying incident at issue in Plaintiffs' claims, Defendants deny that they engaged
15  in any unlawful acts or omissions or misconduct involving Plaintiffs and Defendants
16  deny all liability to Plaintiffs.   As to the remaining allegations in this paragraph, at
17  present, Defendants do not have sufficient knowledge, or information or belief, to
18  enable Defendants to answer the remaining allegations contained within such
19  paragraph, as stated, and on those grounds deny generally and specifically each and
20  every of the remaining allegations contained therein.

21      22.   Answering paragraph number 20 of Plaintiffs' FAC (under the header
22  "Facts Common To All Claims For Relief"), as to any allegations regarding the
23  underlying incident at issue in Plaintiffs' claims, Defendants deny that they engaged
24  in any unlawful acts or omissions or misconduct involving Plaintiffs and Defendants
25  deny all liability to Plaintiffs.   As to the remaining allegations in this paragraph, at
26  present, Defendants do not have sufficient knowledge, or information or belief, to
27  enable Defendants to answer the remaining allegations contained within such
28  paragraph, as stated, and on those grounds deny generally and specifically each and

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  every of the remaining allegations contained therein.

2      23.    Answering paragraph number 21 of Plaintiffs' FAC (under the header
3  "Facts Common To All Claims For Relief"), as to any allegations regarding the
4  underlying incident at issue in Plaintiffs' claims, Defendants deny that they engaged
5  in any unlawful acts or omissions or misconduct involving Plaintiffs and Defendants
6  deny all liability to Plaintiffs.    As to the remaining allegations in this paragraph, at
7  present, Defendants do not have sufficient knowledge, or information or belief, to
8  enable Defendants to answer the remaining allegations contained within such
9  paragraph, as stated, and on those grounds deny generally and specifically each and
10  every of the remaining allegations contained therein.

11      24.    Answering paragraph number 22 of Plaintiffs' FAC (under the header
12  "Facts Common To All Claims For Relief"), as to any allegations regarding the
13  underlying incident at issue in Plaintiffs' claims, Defendants deny that they engaged
14  in any unlawful acts or omissions or misconduct involving Plaintiffs and Defendants
15  deny all liability to Plaintiffs.    As to the remaining allegations in this paragraph, at
16  present, Defendants do not have sufficient knowledge, or information or belief, to
17  enable Defendants to answer the remaining allegations contained within such
18  paragraph, as stated, and on those grounds deny generally and specifically each and
19  every of the remaining allegations contained therein.

20      25.    Answering paragraph number 23 of Plaintiffs' FAC (under the header
21  "Facts Common To All Claims For Relief"), as to any allegations regarding the
22  underlying incident at issue in Plaintiffs' claims, Defendants deny that they engaged
23  in any unlawful acts or omissions or misconduct involving Plaintiffs and Defendants
24  deny all liability to Plaintiffs.    As to the remaining allegations in this paragraph, at
25  present, Defendants do not have sufficient knowledge, or information or belief, to
26  enable Defendants to answer the remaining allegations contained within such
27  paragraph, as stated, and on those grounds deny generally and specifically each and
28  every of the remaining allegations contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

26.     Answering paragraph number 24 of Plaintiffs' FAC (under the header "Facts Common To All Claims For Relief"), Defendants do not have sufficient knowledge, information, or belief to enable Defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

27.     Answering paragraph number 25 of Plaintiffs' FAC (under the header "Facts Common To All Claims For Relief"), Defendants do not have sufficient knowledge, information, or belief to enable Defendants to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the allegations contained therein.

### **FIRST CAUSE OF ACTION**

28.     Answering paragraph number 26 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), this paragraph realleges and incorporates Plaintiffs' allegations in the preceding paragraphs. Accordingly, in response to this paragraph, Defendants incorporate by reference here Defendants' answers to each of the corresponding and aforementioned allegations and/or paragraphs of plaintiffs' FAC. To the extent that this paragraph alleges specific facts not otherwise incorporated herein above, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, and on those grounds deny generally and specifically each and every of the remaining allegations contained therein.

29.     Answering paragraph number 27 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants deny generally and specifically each and every of the allegations contained therein.

30.     Answering paragraph number 28 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants deny generally and specifically each and every of the allegations contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

31.    Answering paragraph number 29 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants deny generally and specifically each and every of the allegations contained therein.

32.    Answering paragraph number 30 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), this paragraph sets forth legal conclusions and questions of law to which no response is required. As to the remaining allegations in this paragraph, Defendants deny generally and specifically each and every of these allegations.

33.    Answering paragraph number 31 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants deny generally and specifically each and every of the allegations contained therein.

34.    Answering paragraph number 32 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants deny generally and specifically each and every of the allegations contained therein.

35.    Answering paragraph number 33 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants deny generally and specifically each and every of the allegations contained therein.

36.    Answering paragraph number 34 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants deny generally and specifically each and every of the allegations contained therein.

37.    Answering paragraph number 35 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), this paragraph sets forth legal conclusions and questions of law to which no response is required. As to the remaining allegations in this paragraph, Defendants deny generally and specifically each and every of these allegations.

38.    Answering paragraph number 36 of Plaintiffs' FAC (under the header "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), this paragraph sets forth legal conclusions and questions of law to which no response is

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1 required. As to the remaining allegations in this paragraph, Defendants deny
2 generally and specifically each and every of these allegations.

3      39.    Answering paragraph number 37 of Plaintiffs' FAC (under the header
4 "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants
5 deny that they engaged in any unlawful acts or omissions or misconduct involving
6 Plaintiffs and Defendants deny all liability to Plaintiffs. Defendants deny that their
7 actions were willful, wanton and malicious with reckless disregard and callous
8 indifference to the constitutional rights and safety of Plaintiffs. Defendants deny
9 that Plaintiffs are entitled to general and punitive damages. As to the remaining
10 allegations in this paragraph, Defendants do not have sufficient knowledge, or
11 information or belief, to enable Defendants to answer the remaining allegations
12 contained within such paragraph, as stated, and on those grounds deny generally and
13 specifically each and every of the remaining allegations contained therein.

14      40.    Answering paragraph number 38 of Plaintiffs' FAC (under the header
15 "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants
16 acknowledge that Plaintiffs bring this claim in their individual capacity and are
17 seeking wrongful death damages for an alleged violation of Plaintiffs' rights.

18      41.    Answering paragraph number 39 of Plaintiffs' FAC (under the header
19 "First Cause of Action – Substantive Due Process (42 U.S.C. § 1983)"), Defendants
20 admit that Plaintiffs are seeking such award but deny they are entitled to any such
21 award as to against the answering Defendants.

22                          **SECOND CAUSE OF ACTION**

23      42.    Answering paragraph number 40 of Plaintiffs' FAC (under the header
24 "Second Cause of Action – Battery (Cal. Govt. Code § 820 and California Common
25 Law)"), this paragraph realleges and incorporates) Plaintiffs' allegations in the
26 preceding paragraphs. Accordingly, in response to this paragraph, Defendants
27 incorporate by reference here Defendants' answers to each of the corresponding and
28 aforementioned allegations and/or paragraphs of Plaintiffs' FAC. To the extent that

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  this paragraph alleges specific facts not otherwise incorporated herein above,

2  Defendants do not have sufficient knowledge, or information or belief, to enable

3  Defendants to answer the remaining allegations contained within such paragraph,

4  and on those grounds deny generally and specifically each and every of the

5  remaining allegations contained therein.

6       43.   Answering paragraph number 41 of Plaintiffs' FAC (under the header

7  "Second Cause of Action – Battery (Cal. Govt. Code § 820 and California Common

8  Law)"), this paragraph sets forth legal conclusions and questions of law to which no

9  response is required. To the extent that the allegations pertain to the answering

10  Defendants, Defendants deny generally and specifically any and all such allegations

11  in said paragraph.  As to the remaining allegations in this paragraph, Defendants do

12  not have sufficient knowledge, or information or belief, to enable Defendants to

13  answer the remaining allegations contained within such paragraph, as stated, and on

14  those grounds deny generally and specifically each and every of the remaining

15  allegations contained therein.

16       44.   Answering paragraph number 42 of Plaintiffs' FAC (under the header

17  "Second Cause of Action – Battery (Cal. Govt. Code § 820 and California Common

18  Law)"), as it pertains to any allegations relating to the answering Defendants,

19  Defendants deny generally and specifically any and all such allegations in said

20  paragraph.  As to the remaining allegations in this paragraph, Defendants do not

21  have sufficient knowledge, or information or belief, to enable Defendants to answer

22  the remaining allegations contained within such paragraph, as stated, and on those

23  grounds deny generally and specifically each and every of the remaining allegations

24  contained therein.

25       45.   Answering paragraph number 43 of Plaintiffs' FAC (under the header

26  "Second Cause of Action – Battery (Cal. Govt. Code § 820 and California Common

27  Law)"), as it pertains to any allegations relating to the answering Defendants,

28  Defendants deny that they engaged in any unlawful acts or omissions or misconduct

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  involving Plaintiffs and Defendants deny all liability to Plaintiffs.  Defendants deny
2  that their actions were willful, wanton and malicious with reckless disregard and
3  callous indifference to the constitutional rights and safety of Plaintiffs.  Defendants
4  deny that Plaintiffs are entitled to general and punitive damages.  As to the
5  remaining allegations in this paragraph, Defendants do not have sufficient
6  knowledge, or information or belief, to enable Defendants to answer the remaining
7  allegations contained within such paragraph, as stated, and on those grounds deny
8  generally and specifically each and every of the remaining allegations contained
9  therein.

10      46.    Answering paragraph number 44 of Plaintiffs' FAC (under the header
11  "Second Cause of Action – Battery (Cal. Govt. Code § 820 and California Common
12  Law)"), Defendants deny that Plaintiffs have standing to bring a claim in their
13  individual capacity. Defendants further deny that Plaintiffs are entitled to any award
14  of wrongful death damages against the answering Defendants.

15                          **THIRD CAUSE OF ACTION**

16      47.    Answering paragraph number 45 of Plaintiffs' FAC (under the header
17  "Third Cause of Action – Negligence (Cal. Govt. Code § 820 and California
18  Common Law)"), this paragraph realleges and incorporates Plaintiffs' allegations in
19  the preceding paragraphs. Accordingly, in response to this paragraph, Defendants
20  incorporate by reference here Defendants' answers to each of the corresponding and
21  aforementioned allegations and/or paragraphs of plaintiffs' FAC.  To the extent that
22  this paragraph alleges specific facts not otherwise incorporated herein above,
23  Defendants do not have sufficient knowledge, or information or belief, to enable
24  Defendants to answer the remaining allegations contained within such paragraph,
25  and on those grounds deny generally and specifically each and every of the
26  remaining allegations contained therein.

27      48.    Answering paragraph number 46 of plaintiffs' FAC (under the header
28  "Third Cause of Action – Negligence (Cal. Govt. Code § 820 and California

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

Common Law)"), as it pertains to any allegations relating to the answering Defendants, Defendants deny generally and specifically any and all such allegations in said paragraph. As to the remaining allegations in this paragraph, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the remaining allegations contained therein.

49.    Answering paragraph number 47 of Plaintiffs' FAC (under the header "Third Cause of Action – Negligence (Cal. Govt. Code § 820 and California Common Law)"), this paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent that the allegations pertain to the answering Defendants, Defendants deny generally and specifically any and all such allegations in said paragraph. As to the remaining allegations in this paragraph, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the remaining allegations contained therein.

50.    Answering paragraph number 48 of Plaintiffs' FAC (under the header "Third Cause of Action – Negligence (Cal. Govt. Code § 820 and California Common Law)"), as it pertains to any allegations relating to the answering Defendants, Defendants deny generally and specifically any and all such allegations in said paragraph. As to the remaining allegations in this paragraph, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the remaining allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every of the remaining allegations contained therein.

51.    Answering paragraph number 49 of Plaintiffs' FAC (under the header "Third Cause of Action – Negligence (Cal. Govt. Code § 820 and California

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1   Common Law)"), Defendants deny that Plaintiffs have standing to bring a claim in

2   their individual capacity. Defendants further deny that Plaintiffs are entitled to any

3   award of wrongful death damages against the answering Defendants.

## PRAYER FOR RELIEF

5       In answering to Plaintiffs' prayer for damages, the answering Defendants

6   deny generally and specifically each and every allegation contained therein as it

7   refers to the answering Defendants, and further deny that Plaintiffs are entitled to an

8   award of damages or any other relief as a result of any action or omission by the

9   answering Defendants.

## AFFIRMATIVE DEFENSES

11      Defendants plead the following separate defenses.  Defendants reserve the

12  right to assert additional affirmative defenses that discovery indicates are proper. As

13  separate and affirmative defenses, Defendants allege as follows:[1]

## FIRST AFFIRMATIVE DEFENSE

15      As a separate and distinct affirmative defense, Defendants allege that

16  Plaintiffs' FAC fails to state facts sufficient to constitute a cause of action upon

17  which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

19      As a separate and distinct affirmative defense, Plaintiffs' FAC fails to allege

20  sufficient facts to state a claim for compensatory or punitive damages for any

21  action(s) taken by the answering Defendants in their individual or official capacity.

## THIRD AFFIRMATIVE DEFENSE

23      As a separate and distinct affirmative defense, Defendants deny that Plaintiffs

24  have been deprived of any rights, privileges, or immunities guaranteed by the

[1] For the purposes of the affirmative defenses, it should be noted that some defenses listed hereunder are not true "affirmative" defenses wherein the defendants asserting such bears the burden of proof – and nothing in this Answer to Plaintiffs' Complaint shall be construed as defendant assuming the burden of proof for any defenses that are not construed as affirmative defenses under the operative law.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1 Constitution or laws of the United States or by the Constitution or laws of the State
2 of California, and therefore Defendants are immune from liability.

### FOURTH AFFIRMATIVE DEFENSE

4 As a separate and distinct affirmative defense, Defendants allege that
5 Plaintiffs' FAC, and each claim contained therein, is barred on the ground that the
6 answering Defendants were not the cause in fact of any alleged damage, injury, or
7 loss to Plaintiffs, if any.

### FIFTH AFFIRMATIVE DEFENSE

9 As a separate and distinct affirmative defense, Defendants allege that
10 Plaintiffs' FAC, and each claim contained therein, is barred on the ground that that
11 the answering Defendants were not a substantial cause of any alleged damage,
12 injury or loss to Plaintiffs, if any.

### SIXTH AFFIRMATIVE DEFENSE

14 As a separate and distinct affirmative defense, Plaintiffs' action is time-barred
15 by the operative statute(s) of limitations.  Plaintiffs' FAC, and each purported cause
16 of action therein, is barred by the applicable statute of limitations, including, but not
17 limited to, California Code of Civil Procedure §§ 335.1, 337, 337.1, 337.15, 338(a),
18 338(b), 338(c), 338(d), 339, 340, 340(3), 342, 343, 352, and/or 583.210.

### SEVENTH AFFIRMATIVE DEFENSE

20 As a separate and distinct affirmative defense, Defendants allege that any
21 amendments or attempted amendments to cure Plaintiffs' failure to comply with the
22 procedural requirements of proceeding with their wrongful death and survival
23 claims should not relate back to the filing of the original Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

25 As a separate and distinct affirmative defense, Plaintiffs' action is barred by
26 laches.

### NINTH AFFIRMATIVE DEFENSE

28 As a separate and distinct affirmative defense, Defendants allege that

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  Plaintiffs' FAC, and each claim contained therein, is barred pursuant to the doctrine

2  of unclean hands.

3  ### TENTH AFFIRMATIVE DEFENSE

4  As a separate and distinct affirmative defense, Defendants allege that

5  Plaintiffs' FAC, and each claim contained therein, is barred pursuant to the equitable

6  doctrine of waiver.

7  ### ELEVENTH AFFIRMATIVE DEFENSE

8  As a separate and distinct affirmative defense, Defendants allege that

9  Plaintiffs are estopped by their own acts or omissions from recovery against the

10 answering Defendants for the claims asserted in their FAC.

11 ### TWELFTH AFFIRMATIVE DEFENSE

12 As a separate and distinct affirmative defense, Defendants allege that

13 Plaintiffs' action is barred by Plaintiffs' failure to comply with the government tort

14 claims presentation requirements, California *Government Code* § 900, *et seq.,*

15 including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4,

16 945.4, 945.6, 950.2 and 950.6, to the extent applicable.

17 ### THIRTEENTH AFFIRMATIVE DEFENSE

18 As a separate and distinct affirmative defense, Defendants allege that

19 Plaintiffs' recovery is barred for failure to timely comply with the provisions of the

20 claims statutes, including, but not limited to, California *Government Code* §§ 901,

21 905, 905.2, 911.2, 945.4, 945.6, 950.2.

22 ### FOURTEENTH AFFIRMATIVE DEFENSE

23 As a separate and distinct affirmative defense, Defendants allege that

24 Plaintiffs' claims are barred in that one or more Plaintiffs, in their individual,

25 successor, or representative capacities has failed to comply with the Government

26 Claims Act.

27 ### FIFTEENTH AFFIRMATIVE DEFENSE

28 As a separate and distinct affirmative defense, Plaintiffs' claims are barred

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-16-

1 because the factual allegations set forth in Plaintiffs' FAC do not correspond with

2 the facts set forth in Plaintiffs' written claim. The FAC thereby alleges a factual

3 basis for recovery, which is not fairly reflected in the written claim.

4 <u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

5 As a separate and distinct affirmative defense, Defendants allege that

6 Plaintiffs' and/or Plaintiffs' decedent's alleged damages, if any, contained in the

7 FAC, were caused by person and/or entities, other than the answering Defendants,

8 who failed to exercise ordinary care, caution, prudence, and were negligent, or acted

9 wrongfully in their dealings with plaintiffs, and that at all times, said persons or

10 entities were acting without consent, authorization, knowledge, and/or ratification of

11 the answering Defendants. Accordingly, any recovery against the answering

12 Defendants by Plaintiffs, if any, must be precluded and/or reduced in a proportionate

13 amount to the fault on the part of such other persons and/or entities.

14 <u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

15 As a separate and distinct affirmative defense, Plaintiffs' recovery is barred

16 because any injury or damage suffered by or to Plaintiffs and/or Plaintiffs' decedent

17 was caused solely by reason of the Plaintiffs and/or Plaintiffs' decedent's wrongful

18 acts and conduct and the willful resistance to a peace officer in the discharge of his

19 or her duties.  The conduct set forth in Plaintiffs' FAC, if and to the extent it

20 occurred, was privileged and justified and done with a good faith belief that it was

21 correct and therefore no action may be taken against the answering Defendants on

22 account of such conduct.

23 <u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

24 As a separate and distinct affirmative defense, Defendants allege that

25 Plaintiffs' action is barred by reason of conduct, as plaintiffs' and/or plaintiffs'

26 decedent's actions and inactions amount to and constitute a waiver of any right

27 plaintiffs may or might have had in reference to the matters and things alleged in the

28 FAC, or that such conduct otherwise estops Plaintiffs from recovery in this action,

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1   including but not limited to the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs' claims are barred or limited to the extent Plaintiffs failed to mitigate Plaintiffs' and/or Plaintiffs' decedent's injuries or damages, if there were any.  Plaintiffs and/or Plaintiffs' decedent has failed to mitigate the damages, if any, which Plaintiffs and/or Plaintiffs' decedent has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiffs and/or Plaintiffs' decedent has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by Plaintiffs' and/or Plaintiffs' decedent's negligence, and damages, if any, should be reduced in direct proportion to their fault.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs' claims are barred or limited by Plaintiffs' and/or Plaintiffs' decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent Plaintiffs and/or Plaintiffs' decedent suffered any injury or damages, it was the result of Plaintiffs' and/or Plaintiffs' decedent's own negligent or deliberate actions or omissions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs' recovery is barred because pubic entities and employees are immune from liability for any injury caused by the act or omission of another person. *Gov. Code* §§ 815 *et seq.*, 820.2 *et seq.*

///

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, there is no liability for any injury or damages, if any, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. *Gov. Code* §§ 815.2, 820, 820.2, 820.4, 820.8 *et seq*.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, a public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to *Government Code* §§ 818.2, 818.4, 818.8, 821 and 821.2. Based thereon, the answering defendant is immune from liability for any injuries claimed by plaintiffs, herein.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the answering Defendants are immune for any detriment resulting from any of their actions or omissions at the time of the incident of which Plaintiffs complain pursuant to *Government Code* § 810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 815.2, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6,

854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that at all times relevant to this action, the answering Defendants acted reasonably and prudently under the circumstances. Defendants therefore assert the individual peace officers' Qualified Immunity from liability to the fullest extent applicable.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs' claims against Defendants are barred as the answering defendants have absolute immunity from the allegations set forth in Plaintiffs' FAC.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate. Defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate. Defendants are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights. Defendants are also immune from liability under the doctrine of Qualified Immunity.

## THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that at all relevant times, Defendants acted within the scope of discretion, with due care, and a good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs' FAC, and each

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1 claim contained therein, is barred by the doctrines of collateral estoppel (issue
2 preclusion) and/or res judicata (claim preclusion).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

4     As a separate and distinct affirmative defense, at the time of trial, the
5 answering Defendants may elect to limit or diminish Plaintiffs' alleged damages of
6 losses as provided and authorized by California *Civil Code* § 3333.1, California
7 *Civil Code* § 3333.2 and California *Code of Civil Procedure* § 667.1, and the
8 provisions of Proposition 51 as enacted into law in the State of California.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

10     As a separate and distinct affirmative defense, in the event that the answering
11 Defendants herein are found to be liable for damages to Plaintiffs, the liability, if
12 any, for any amount of non-economic damages, if awarded, shall be reduced or
13 limited pursuant to *Civil Code* § 1431.2, in direct proportion to each individual
14 answering Defendant's percentage of negligence or fault in relation to the fault of all
15 joint tortfeasors, or other liable persons, whether joined as defendants or not; and a
16 separate judgment shall be rendered against each answering Defendant for such
17 amount.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

19     As a separate and distinct affirmative defense, Defendants owed no legal duty
20 to Plaintiffs and/or Plaintiffs' decedent's, as described in Plaintiffs' FAC, or
21 otherwise.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

23     As a separate and distinct affirmative defense, Defendants allege that to the
24 extent that Plaintiffs suffered any detriment, such detriment was unavoidable.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

26     As a separate and distinct affirmative defense, the damages or injuries
27 complained of by Plaintiffs, if any, were the result of an emergency situation, not
28 created by any fault of Defendants, and into which the Defendants were suddenly

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1 │ and unexpectedly placed.

2 │ ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

3 │ As a separate and distinct affirmative defense, Defendants assert that
4 │ Plaintiffs are barred from pursuing the claims set forth in the FAC by virtue of their
5 │ lack of standing.

6 │ ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

7 │ As a separate and distinct affirmative defense, Defendants are informed and
8 │ believe and thereon allege that the damages complained of in Plaintiffs' FAC, if any,
9 │ resulted from an unforeseeable and superseding cause, thereby barring either
10 │ partially or totally, Plaintiffs' claimed damages herein.  The answering Defendants
11 │ are informed and believe and thereon allege that each and all of the purported causes
12 │ of action and theories of relief asserted by Plaintiffs in the FAC are barred by virtue
13 │ of an independent intervening cause.

14 │ ### THIRTY-NINTH AFFIRMATIVE DEFENSE

15 │ As a separate and distinct affirmative defense, Plaintiffs' claims are barred for
16 │ failure to join an indispensable party under *Federal Rule of Civil Procedure* 19.

17 │ ### FORTIETH AFFIRMATIVE DEFENSE

18 │ As a separate and distinct affirmative defense, Defendants allege that to the
19 │ extent that Plaintiffs' FAC attempts to predicate liability upon any public entity
20 │ defendant or any employee thereof for purported negligence in retention, hiring,
21 │ employment, training, or supervision of any public employee, such liability is barred
22 │ by *Government Code* § 815.2 and 820.2 and  *Herndon v. County of Marin* (1972) 25
23 │ Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los*
24 │ *Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to Defendants,
25 │ by the fact that any such purported act or omission is governed exclusively by
26 │ statute and is outside the purview of any public employees' authority; and by the
27 │ failure of any such acts or omissions to be the proximate or legal cause of any injury
28 │ alleged in the complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

238, 251-253, 255-256 (2007).

### FORTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants did not act with deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right, or cause any other injury and, therefore, defendant and its peace officers are immune from liability.

### FORTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, any claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including but not limited to the Due Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth, and/or Ninth Amendments.

### FORTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the acts complained of by Plaintiffs were committed in the course of making a lawful seizure, arrest, and/or search.  In making this lawful seizure, the peace officers used only reasonable force.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense,  any use of force by Defendants was privileged as being objectively reasonable and/or in lawful self-defense or defense of third parties and/or as being appropriate to overcome resistance and/or to redress the commission of a public offense and/or because peace officers had reasonable cause to believe that plaintiffs' decedent had committed a public offense and/or that exigent circumstances existed, including but not limited to an immediate threat of death or serious bodily injury to defendant's peace officers or to others.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs' claims related to peace officers' use of force is barred because a peace officer making a detention or arrest need not retreat in the face of resistance and cannot be deemed the aggressor

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1 | or lose their right to self-defense/defense of other by using force.

2 | ### FORTY-SIXTH AFFIRMATIVE DEFENSE

3 | As a separate and distinct affirmative defense, in the detention/arrest at issue,

4 | if any, Plaintiffs and/or Plaintiffs' decedent was subjected to a reasonable amount of

5 | force for the protection of the officers or to prevent escape of the person detained or

6 | to prevent the loss of property, all pursuant to Cal. *Penal Code* §§ 835 and 835a.

7 | ### FORTY-SEVENTH AFFIRMATIVE DEFENSE

8 | As a separate and distinct affirmative defense, Plaintiffs' claims are barred in

9 | that the conduct of the defendants was necessary for the defense of others.

10 | ### FORTY-EIGHTH AFFIRMATIVE DEFENSE

11 | As a separate and distinct affirmative defense, because Plaintiffs' FAC is

12 | couched in vague and consistory terms, the answering Defendants cannot fully

13 | anticipate all affirmative defenses that may be applicable to this action.

14 | Accordingly, Defendants hereby reserve the right to assert additional affirmative

15 | defense, if and to the extent that such affirmative defenses are applicable, and/or to

16 | withdraw affirmative defenses as may be appropriate. The assertion of any of the

17 | forgoing is not intended and shall not be construed as any stipulation regarding any

18 | shifting of the burned of proof to any defendant regarding any of Plaintiffs' claims,

19 | or elements thereof.

20 | / / /
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, answering defendants pray for judgment as follows:

3    1.    That plaintiffs take nothing by reason of their FAC, and that judgment

4  be entered in favor of defendants;

5    2.    The answering defendants recover their costs of suit incurred herein,

6  including reasonable attorney's fees; and

7    3.    For such other and further relief as the Court deems property and just.

8

9  DATED: August 5, 2019        HURRELL CANTRALL LLP

10

11

12                By:   /s/  Erica Bianco
                        _____
13                      THOMAS C. HURRELL
                        ERICA BIANCO
14                      NEDA MOHAMMADZADEH
                        Attorneys for Defendants SERGEANT
15                      RYAN LEE and OFFICER MARTIN
                        ROBLES
16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1

## **DEMAND FOR JURY TRIAL**

2

Defendants hereby demand a trial before a jury on all issues presented by

3

plaintiffs' operative Complaint that are or may be triable to a jury.

4

5

DATED: August 5, 2019          HURRELL CANTRALL LLP

6

7

8

By:     /s/   *Erica Bianco*

THOMAS C. HURRELL

9

ERICA BIANCO

10

NEDA MOHAMMADZADEH

Attorneys for Defendants SERGEANT

11

RYAN LEE and OFFICER MARTIN

ROBLES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000